**BAUER v. AUSTIN, Com'r of Banking.**
**(No. 11918.)**

Court of Civil Appeals of Texas. Fort Worth.
Feb. 18, 1928.

Rehearing Denied March 17, 1928.

1. **Banks and banking** ⊂⊐15—**Letters signed by subordinate in behalf of commissioner, informing guaranty fund claimant of commissioner's action, held admissible in suit on claims.**

In suit to establish claims on certain certificates of deposit in insolvent bank as entitled to payment out of guaranty fund, which certificates holder tendered to bank, receiving credit therefor on her checking account within 90 days of closing of bank, letters addressed to claimant from banking department's office signed by subordinate in behalf of banking commissioner *held* admissible, as not involving delegation of judicial function, inasmuch as letters were not in themselves official action of the commissioner.

2. **Evidence** ⊂⊐318(7)—**Affidavit of banking commissioner of rejection of claim for participation in guaranty fund held not hearsay (Rev. St. 1925, arts. 459, 3722).**

In suit against commissioner of banking on certificates of deposit in insolvent bank, which certificate holder tendered to bank, receiving credit therefor on her checking account within 90 days of closing of bank, claimed to be payable from guaranty fund, admission in evidence of affidavit of commissioner rejecting claim for participation in fund and approving it as common unsecured claim *held* not error, under Rev. St. 1925, arts. 459, 3722, where only complaint urged against its admission was that it was hearsay; affidavit being record of commissioner which must be kept by him in the office of the department.

3. **Banks and banking** ⊂⊐15—**Notice to claimant by mail of classification of claim for participation in guaranty fund, where received by son as her agent, constituted sufficient notice.**

Where letters from banking department were directed to claimant notifying her of rejection of claim against insolvent bank, as payable from guaranty fund, and letters were received by her son as agent, notice so received constituted notice to claimant, though she could not fully understand English; delivery to claimant in person of notice of classification not being required.

4. **Banks and banking** ⊂⊐15—**Suit for payment of claim out of guaranty fund held barred, in view of affidavit of rejection of claim and notice thereof sent claimant (Rev. St. 1925, art. 459).**

Where banking department by mail notified holder of certificates of deposit in insolvent bank, which certificates holder tendered to bank, receiving credit therefor on her checking account within 90 days of closing of bank, that previous rejection of her claim as payable from guaranty fund must stand, except as to part which was allowed, and where affidavit showed

copy of rejection of claim was sent claimant, suit brought by her more than six months after date of notice and affidavit *held* barred by Rev. St. 1925, art. 459, in so far as it constituted a claim for payment out of guaranty fund.

5. **Banks and banking** ⊂⊐15—**Certificates of deposit placed in holder's checking account within 90 days of bank's closing held not entitled to participate in guaranty fund (Rev. St. 1925, arts. 447, 459).**

Certificates of deposit which holder tendered to bank, receiving credit therefor on her checking account within 90 days of closing of bank, did not give claimant right to participation in guaranty fund, under Rev. St. 1925, art. 447, even if suit thereon against banking commissioner was not barred by limitation by article 459.

6. **Banks and banking** ⊂⊐15—**Certificate of deposit made noninterest bearing within 90 days prior to bank closing is not insured (Acts 38th Leg. [1923] c. 45 [Rev. St. 1925, art. 447]).**

Caption of Acts 38th Leg. (1923) c. 45 (Rev. St. 1925, art. 447), *held* to fully disclose purpose of act to include provision that no certificate of deposit, whether interest bearing or not, that shall have been changed to a non-interest-bearing and unsecured deposit within 90 days prior to closing of bank by banking commissioner, shall be insured under the act.

Appeal from District Court, Denton County; F. O. McKinsey, Special Judge.

Suit by Mrs. Annie Bauer against Chas. O. Austin, Commissioner of Banking. Judgment for defendant, and plaintiff appeals. Affirmed.

Cofer & Cofer, of Austin, for appellant.
John W. Goodwin and John W. Brady, both of Austin, for appellee.

BUCK, J. This is a suit brought by plaintiff below, Mrs. Annie Bauer, against Chas. O. Austin, commissioner of banking. The evidence shows that Mrs. Bauer held three certificates of deposit in the First State Bank of Pilot Point, one for $1,212.75, the second for $1,200, and the third for $2,100, making a total of $4,512.75. On March 25, 1925, Mrs. Bauer, through her son and agent, Joe Bauer, tendered the certificates of deposit to the bank and received credit therefor on her checking account. On April 18th, 26 days thereafter, the bank closed its doors and the banking commissioner took charge. The banking commissioner classified the claim as that of a common unsecured creditor, and not payable out of the guaranty fund.

Suit was filed by Mrs. Bauer against the banking commissioner, and after evidence was introduced, the court instructed the jury to find for the plaintiff the sum of $902.55, the amount which the evidence showed she was entitled to as a common unsecured creditor,

and directed that the same be paid by the commissioner out of the assets of the failed bank.

Special issues were submitted to the jury, which, with their answers, are hereinafter set out:

"(1) Did the plaintiff, Mrs. Bauer, receive in person from the defendant, by mail, notice that her claim against the failed bank in question had been rejected? A. No.

"(2) On the 25th day of March, 1925, was the First State Bank of Pilot Point in an insolvent or failing condition? A. No.

"(3) If you answer the foregoing issue 'yes,' then at the time the deposit certificates were surrendered and the account of plaintiff with the said bank changed to that of a general depositor, did the plaintiff, or her agent, Joe Bauer, know that said bank was insolvent or in failing condition, if it was? A. * * *

"(4) Were the time certificates of deposit, which have been introduced in evidence, surrendered on the 25th day of March, 1925, for the purpose of giving plaintiff's claim against said bank a preferred or more advantageous position in the event such bank should fail? A. No."

Judgment was entered for defendant, denying plaintiff the right to recover out of the guaranty fund.

## Opinion

In order that the discussion of the legal points involved may be better understood, we will state some of the evidence adduced, in part consisting of letters from the commissioner to Mrs. Bauer, and the affidavit of the commissioner. The evidence further shows that Joe Bauer, appellant's son, attended to his mother's business, as she did not speak English well; that at the time Joe Bauer, for his mother, deposited the certificates of deposit above mentioned, he deposited also a certificate of deposit for $2,000, issued in his own name. He was a stockholder in the failed bank. At the time of the deposit of these certificates, Earl Cassidy was assistant cashier thereof, and kept a part of the books. He testified that A. E. Peters was president of the bank, but not actively engaged therein; that R. L. Porter was vice president and was in active charge. The cashier of the bank was B. A. Busby. Earl Cassidy was assistant cashier, bookkeeper, and teller. The evidence shows that Mrs. Bauer had in the bank $4,903.99, of which $391.24 was paid to her by the commissioner, as shown by the correspondence. It is only as to the aggregate of the three certificates of deposit that there is any controversy. The deposit certificate for $1,212.75 was dated July 1, 1924. The $1,200 deposit certificate was dated November 2, 1924, and the $2,100 deposit certificate was dated February 16, 1925. It was understood and agreed between Joe Bauer, acting for his mother, and the bank officials that no interest would be paid on these certificates of deposit until one year after the deposit had been made. None of these deposits had run a year at the time the certificates of deposit were tendered the bank. Hence Mrs. Bauer was not entitled to any interest thereon and claimed none.

Some days after the bank had failed, the cashier, B. A. Busby, had a talk with Joe Bauer, and showed him the law, and told him that Mrs. Bauer would not be entitled to protection under the guaranty fund for the three certificates of deposit, but would only share pro rata as an unsecured creditor in the assets of the bank.

The following letters were written to Mrs. Bauer by the banking commissioner, or under his authority, on the dates indicated:

"Austin, Texas, June 9, 1926.

"Mrs. Annie Bauer, Route No. 2, Tioga, Texas—Dear Mrs. Bauer: Re claim Mrs. Annie Bauer. File No. 94. Reference is made to your letter of June 7, 1926, concerning your claim against the insolvent First State Bank, Pilot Point, Texas.

"In reply you are advised that your certificates of deposit were credited to your account on March 25, 1925. One certificate of deposit was due on November 23, 1925, another was due July 21, 1925, and the last one matured February 16, 1926. The bank closed on April 19, 1925. You will therefore see that you transferred this certificate within ninety days prior to the closing of the bank. You will also see that the certificates were not due at the time that you received credit for them on your account. Article 447 of the Revised Statutes of 1925 provides:

"'No deposit upon which interest is being paid or contracted to be paid, either directly or indirectly by a banking institution, its officers or stockholders, and no secured deposit and no certificate of deposit, whether bearing interest or not, or any other kind of interest bearing deposit, that shall have been changed to a non-interest bearing and unsecured deposit within ninety days prior to the closing of a bank, * * * shall be protected or insured under the guaranty fund.'

"It will therefore be seen from the above statement of facts that this claim is not protected by the guaranty fund. If you are willing to agree to the classification given to your claim on October 28, 1926, I will be glad to forward you a 20 per cent. dividend check for $902.55.

"Yours very truly,

"Chas. O. Austin, Commissioner,

"By Jerome Sneed, Jr."

"Austin, Texas, June 1, 1926.

"Mrs. Annie Bauer, Route No. 2, Tioga, Texas—Dear Mrs. Bauer: Re claim Annie Bauer. File No. 94.

"Receipt is acknowledged of your letter of May 21st, contents of which have been carefully noted. You are respectfully advised that the records of this department show that you were the holder of three certificates of deposit and that you transferred same to your checking account within ninety days prior to the closing of the bank. The records also show that the certificates of deposit so transferred within ninety days prior to the closing of the bank are not payable by the depositors' guaranty fund and for that reason your claim has not been paid. We have paid another claim because of the fact that at the time the transfer

took place the certificate of deposit so transferred was due. But under the circumstances we are unable to pay your claim because the certificate was not due at the time you attempted to transfer same.

"Our records also show your claim to be one of a general unsecured creditor and you have been notified of this fact. A 20 per cent. dividend was recently declared and you are entitled to this amount. If you are willing to accept the classification given, we will be glad to forward this check for 20 per cent. of the amount of your claim. Please notify us your wishes in the matter.

"Yours very truly,
"Chas. O. Austin, Commissioner,
"By Jerome Sneed, Jr."

"Austin, Texas, December 19, 1925.

"Mrs. Annie Bauer, Pilot Point, Texas—Dear Madam: In re claim Mrs. Annie Bauer. File No. 94. You have filed in this office a claim in the amount of $4,903.99. The records of the Pilot Point bank discloses that shortly prior to the closing of the bank you converted a certificate of deposit into a demand deposit with the bank. Under the law this $4,903.99 is not payable from the depositors' guaranty fund, and you were so notified in a letter under date of November 2d.

"However, upon investigation, I find that $391.24 included in said deposit was never in the form of a certificate of deposit and had never drawn any interest. With these facts before us this latter portion of $391.24 has been classified as being payable from the depositors' guaranty fund. I therefore take pleasure in inclosing herewith check No. 205 on the Frisco Guaranty State Bank in the amount of $391.24 in full payment of that portion of your deposit that is protected by the depositors' guaranty fund. The previous classification given in our letter of November 2d must stand as regards the $4,512.75.

"Yours truly,
"Chas. O. Austin, Banking Commissioner,
"By Jerome Sneed, Jr."

"Austin, Texas, October 26, 1925.

"Mrs. Annie Bauer, Tioga, Texas—Dear Madam: In re claim. File No. 94. You are respectfully advised that the claim filed by you against the insolvent First State Bank, Pilot Point, in the sum of $4,903.99, has been approved as one of the common creditor's claim to share pro rata in the distribution of the assets of the bank.

"You may accept this letter as official notice of the rejection of this claim in so far as the liability of the guaranty fund is concerned.

"Yours very truly,
"Chas. O. Austin, Commissioner,
"By J. A. Lewis."

Proof of claim was filed by Mrs. Bauer with the banking department for $4,903.99 on June 13, 1925. On October 26, 1926 (1925?), Chas. O. Austin, as banking commissioner, made this affidavit and filed the same in his office, to wit:

"State of Texas, County of Travis.

"Before me, the undersigned authority, on this day personally appeared Chas. O. Austin, banking commissioner of Texas, who, first hav-

ing been by me duly sworn, states upon oath that he has this the 26th day of October, A. D. 1925, rejected a claim filed by Mrs. Anna Bauer against the First State Bank of Pilot Point, Texas, in the sum of $4,903.99, as payable from the depositors' guaranty fund; that the claim was approved by him as one of a common unsecured creditor to share proportionately in the assets of the bank; that the said Mrs. Anna Bauer has this day been notified of such action by a letter addressed to her at Tioga, Texas, a copy of which letter is attached to this statement and made a part thereof. [Signed] Chas. O. Austin, Banking Commissioner of Texas.

"Subscribed and sworn to before me on this the 26th day of October, A. D. 1926 (1925?). [Signed] A. J. Lewis, Notary Public in and for Travis County, Texas."

[1] Complaint is made of the introduction of the letters from the banking department's office signed "Chas. O. Austin, Commissioner, by A. J. Lewis," and letters signed by the commissioner by Jerome Sneed. The claim is made that the commissioner exercises a judicial function in classifying the claims, and such function cannot be delegated to a subordinate in the department. We overrule this objection. It appears to us, even if such function be judicial, concerning which we do not express an opinion, that the letters merely communicate to the plaintiff the action of the banking commissioner, and do not purport to be in themselves the official action of such officer.

[2] It is also urged that the affidavit made by the commissioner before A. J. Lewis is subject to the objection of being hearsay. Article 459, Rev. Civ. Statutes of 1925, provides as follows:

"The commissioner may in his discretion reject any doubtful claim presented for allowance. He shall serve notice of such rejection upon the claimant, either by mail or by written notice personally served. An affidavit of the service of such notice shall be filed with the commissioner. Action upon a claim so rejected must be brought within six months after service."

The affidavit, being a part of the record of the banking commissioner, is required to be kept whether made by him or some one else in the office of the department. Under article 3722 it is authorized to be received in evidence. It is true that copies of any of the records of the heads of state departments must be certified in order to be admissible as evidence without proof of authenticity. But in the instant case it does not appear that the instrument introduced in evidence was a copy, and no complaint is made of any lack of authenticity. The only complaint urged against the admission of this affidavit was that it was hearsay. We do not think that this objection was maintainable. Clegg v. City of Galveston, 1 White & W. Civ. Cas. Ct. App. § 58.

[3] Nor do we think that the objection

made that notice of classification was not delivered to Mrs. Bauer in person is maintainable. The evidence showed, as before stated, that Mrs. Bauer did not understand English very well, or at least could not speak it fluently, and that her son attended to all of her business. She and her son both testified to this fact. The letters from the department were directed to Mrs. Bauer, but were received by her son as her agent. We conclude that such notice, so received, constituted notice to Mrs. Bauer.

[4] Article 459, Rev. Civ. Statutes of 1925, provides a period of limitation of six months in which to file suit, after rejection of a claim. Suit was filed in this case on the 27th day of November, 1926. By letter of December 10, 1925, referring to the claim filed by Mrs. Bauer in the department for $4,903.99, the banking commissioner states to the plaintiff that she was entitled to $391.24, that being a noninterest-bearing deposit, but that the previous classification of the balance of her claim, to wit, $4,512.75 "given in our letter of November 2d must stand." The affidavit of the banking commissioner states upon oath that:

"He has this the 26th day of October, A. D. 1925, rejected a claim filed by Mrs. Anna Bauer against the First State Bank of Pilot Point, Texas, in the sum of $4,903.99, as payable from the depositors' guaranty fund; that the claim was approved by him as one of a common unsecured creditor to share proportionately in the assets of the bank; that the said Mrs. Anna Bauer has this day been notified of such action by a letter addressed to her at Tioga, Texas, a copy of which letter is attached to this statement and made a part thereof."

While the notarial fiat is dated November 26, 1926, we must conclude that the date should be 1925. Therefore the suit was not filed within six months after Mrs. Bauer was notified that at least the major part of her claim was rejected as a claim payable out of the guaranty fund. We think that this affidavit shows that a letter was written to her on October 26, 1925, rejecting her claim as one payable out of the guaranty fund. Therefore we think that the claim was barred by limitation in so far as it constituted a claim payable out of the guaranty fund.

[5] But even if the six months' limitation does not apply, we think that the plaintiff failed to place herself within the class of creditors whose claims were payable out of the guaranty fund. Article 447, Rev. Civ. Stats. 1925, provides in part as follows:

"*Deposits not Protected.*—No deposit upon which interest is being paid or contracted to be paid, either directly or indirectly by a banking institution, its officers or stockholders, and no secured deposit and no certificate of deposit, whether bearing interest or not, or any other kind of interest bearing deposit, that shall have been changed to a noninterest bearing and unsecured deposit within ninety days prior to the closing of a bank, * * * shall be protected or insured under the guaranty fund."

[6] This act was passed as amended by the Legislature. See Acts 38th Leg. p. 90, c. 45. The caption of such act specially provides:

"That cashier checks, bank drafts or exchange issued against or issuing from bona fide unsecured and noninterest bearing deposits shall be protected under the guaranty fund or the bond security plan and providing that no unmatured interest bearing certificates of deposit or any other kind of interest bearing deposit that shall have been changed to a noninterest bearing and unsecured deposit within ninety days prior to the closing of a state bank by the banking commissioner of Texas shall be protected by the guaranty fund."

We think that the caption of this act fully discloses the purpose of the act to include therein this provision:

"No certificate of deposit, whether bearing interest or not that shall have been changed to a noninterest bearing and unsecured deposit within ninety days prior to the closing of a bank by the banking commissioner of Texas shall be insured under this chapter."

We think that the evidence, and all of the evidence, amply sustains the conclusion reached by the trial court that Mrs. Bauer was not entitled to protection out of the guaranty fund.

The judgment below is affirmed.